UNITED STATES, Appellee

v.

GENE A. COOK, Corporal, U. S. Army, Appellant

2 USCMA 223, 8 CMR 23

No. 1121

Decided February 19, 1953

LT. COL. Stewart H. Legendre, U. S. Army, LT. COL. Herman P. Goebel, Jr., U. S. Army, and 1ST LT. Patrick H. Thiessen, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Robert A. Forman, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial in Korea of desertion with intent to avoid hazardous duty, and was sentenced to dishonorable discharge, total forfeiture of pay, and confinement for ten years. The convening authority reduced the confinement to five years, otherwise approving, and the board of review affirmed. We granted accused's petition for review, limited to the issue of the sufficiency of the evidence.

On the morning of October 13, 1951, Lieutenant Dobson, Medical Company, Fifth Cavalry Regiment, First Cavalry Division, sent word to the accused that he was to report to the machine gun platoon of "D" Company for medical aid duty. Shortly thereafter, the accused came to Dobson and asked for verification of the assignment. At this time, the accused was on temporary duty for rest and recreation. Dobson told the accused that the assignment was correct. The accused nodded, shrugged, and then said nothing. According to Dobson, the order was to be executed sometime after dinner that day.

"D" Company was, at this time, located some 2000 to 2500 yards from

the accused's medical unit. Although the testimony as to time is somewhat vague, it appears that on October 12 "D" Company was in reserve and remained in this status for some thirty-six hours, after which time the company went into combat and suffered heavy casualties—particularly in the platoon to which the accused was assigned. The machine gun platoon leader and sergeant both testified that the accused did not report for duty with the platoon. Morning reports for the medical company were introduced in evidence, and these reports showed that the accused was absent without proper authority from October 13, 1951, to October 28, 1951.

The accused did not take the stand in his own behalf. However, defense witnesses testified that he had served excellently as a medical aid man during combat, and that he conducted himself "very good" while under fire.

Defense urges that there is insufficient evidence to establish that the accused knew with reasonable certainty that he would be required for such hazardous duty, an essential element of the offense charged. Manual for Courts-Martial, United States, 1951, paragraph

224

164a. It is also claimed that, since the evidence shows that the accused never reported to "D" Company, he could not be convicted under the specification which alleged that he did "quit his place of duty, to wit: Machine Gun Platoon, 'D' Company, First Battalion, 5th Cavalry Regiment, 1st Cavalry Division."

Disposition of the first contention requires ascertainment of the content of the term "hazardous duty." If that term be limited to actual front-line combat with the enemy, then it may be conceded that there is in the record insufficient evidence to establish that the accused knew with reasonable certainty that "D" Company was engaged in hazardous duty. There is no direct evidence in the record that the accused knew of the precise combat status of the company. It was, in fact, at the time of the order in a reserve status and did not engage the enemy in combat until some hours after the accused was ordered to report.

The Manual for Courts-Martial, United States, 1951, in paragraph 164a (2), states that " 'hazardous duty' or 'important service' may include such service as duty in a combat area or other dangerous area." The essential question is whether the term "combat or other dangerous area" shall be limited to the area where actual fighting is taking place, or whether it should be given a somewhat broader connotation. We think the former definition would be unrealistically narrow. Hazardous duty should certainly include, at the least, such duty as would be covered by the term "before or in the presence of the enemy" as used in Article 99 of the Uniform Code of Military Justice, 50 U. S. C. § 693. We have already indicated that this term is not to be confined to actual front-line combat. United States v. James H. Smith, (No. 887), 7 CMR 73, decided February 13, 1953; United States v. Sperland (No. 366), 5 CMR 89, decided September 3, 1952; see Manual for Courts-Martial, United States, 1951, paragraph 178; Winthrop's Military Law and Precedents, 2d ed., 1920 Reprint, page 623.

Here, the accused was a member of a medical company of a cavalry regiment, which was located some 2500 yards from the machine gun platoon to which he was ordered. At the time of the order, this platoon was in reserve but shortly thereafter went into action. Taking these factors into consideration, we think it may reasonably be said that the accused's assignment fits into the category of hazardous duty and, in view of the nature of his duties as a medical aid man and his attachment to the regiment in question—which included both the medical and the line units—that the accused knew with reasonable certainty of the hazardous nature of the duty concerned. One located as close to the front lines as was this accused could not reasonably have been unaware of the imminence of the enemy and the possibility of engagement with that enemy. Further, it is common knowledge in the Army, of which this Court may take judicial notice, that medical men are always attached to units such as machine gun platoons when those units are going into combat. It is entirely reasonable to import such knowledge to the accused.

We find no merit in the contention that the accused could not be convicted on this evidence of "quitting" his place of duty. The accused was assigned to "D" Company but never reported there for duty. It is placing too much emphasis on form over substance to say that, because he never reported he could not be guilty of leaving. The gist of the offense charged is deliberate avoidance of assigned duty. The evidence establishes conclusively that the accused did avoid that duty. It matters little, therefore, whether he reported and then left or never reported at all. While more accurate terminology could have been used to describe the accused's acts, there can be no doubt that the specification adequately alleges an offense under the article in question and that the accused knew with certainty of the acts and offense with which he was charged. See United States v. Marker (No. 281), 3 CMR 127, decided May 19, 1952; United States v. Hopf

(No. 372), 5 CMR 12, decided August 14, 1952. Further, there is here no fatal variance between the specification and the proof. United States v. Hopf, supra.

There being in the record substantial evidence to support the findings, the decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.