UNITED STATES, Appellant

v

RUSSELL J. JACK, Basic Airman,
U. S. Air Force, Appellee

7 USCMA 235, 22 CMR 25

No. 8314

Decided August 10, 1956

*Major Norman A. Faulkner* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray* and *Captain Anthony Ortega, Jr.*

*Captain Norman J. Nelson* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for one year, following a conviction by general court-martial of desertion, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679. After approval by the convening authority, an Air Force board of review ordered the charge and specification dismissed. Whereupon The Judge Advocate General of the Air Force certified the following question:

"Was the Board of Review correct in holding that there was a failure of proof in the case?"

The accused was convicted of a specification which alleged in effect that the accused, with intent to desert, absented himself from his organization, the 567th Air Defense Group. In reversing the findings and sentence, the board of review held that the morning report entry introduced into evidence by the prosecution, to prove the commencement of the absence, failed to perform that essential function since it showed the absence to have emanated from the Headquarters Unit of the 567th Air Defense Group, instead of from the overall establishment—the 567th Air Defense Group. According to the board of review, the evidence disclosed only that the accused was assigned to and absented himself from the administrative unit headquarters, one of many units which makes up the 567th Air Defense Group Command. Consequent-

236

ly, the entry did not establish "that the accused was absent without authority from the whole of the 567th Air Defense Group." The board of review held that "From the state of the evidence it may well be that the accused, although absent without leave from his assigned organization, was present somewhere within the 567th Air Defense Group, or, if not, that he absented himself therefrom with full authority of the group commander."

Air Force Regulation 20-27, paragraph 2b, September 15, 1955, defines "establishment" as follows:

"b. *Establishment*—The name applied to a group or higher echelon composed of assigned elements, stationed at one or more locations, and upon which certain missions, responsibilities, and functions are incumbent. An establishment is made active by the activation or organization of its component units. Personnel are not directly assigned to an establishment but to its administrative unit (headquarters) and other activated or organized units of which the establishment is composed. Units of which an establishment is composed are assigned to the establishment and *not* to the headquarters thereof. Channels of administrative control are through such headquarters, but the assignment of any element is to the establishment. Examples of establishments are: Air Materiel Command; Ninth Air Force; 26th Air Division; 7th Engineer Avn Brigade; 2d Bombardment Wing; 3500th Air Base Group."

From the above regulation, it is clear that the 567th Air Defense Group is an establishment to which personnel are not directly assigned. Since the documentary evidence established that the accused was absent without authority from his assigned unit—the Headquarters Unit of the 567th Air Defense Group—the Commanding Officer of that Unit, Lieutenant Colonel Grout, not only had the duty to make morning report entries with respect to the accused, but also to ascertain the truth of the facts or events recorded therein. According to the board of review, Colonel Grout's duty with respect to morning report entries did not extend past the confines of his own unit, and consequently it might well be that the accused was in some adjoining unit of the establishment or had authority from the establishment commander to be absent. We are not willing to take such a restricted and technical view of Colonel Grout's responsibility. In United States v Coates, 2 USCMA 625, 10 CMR 123, the Court announced:

". . . *Where* the events took place is of little moment. . . . When an 'official record' is offered in evidence, and it appears that it was prepared by a military person charged by regulation with the duty of doing so, it will be presumed that it was prepared in accordance with regulations, and by one who knew, or had the duty to know or to ascertain the truth of, the facts or events recorded. United States v Masusock, supra. It it can be shown that the data reported are inaccurate, or even that the source of the reporting officer's information was not 'reliable,' these are matters for the defense to bring forward."

We find here neither prejudicial variance nor insufficiency of proof. Admittedly, the specification could have and should have been more precise. The draftsman of a specification should be more careful as to what the proof is going to show. But it cannot be successfully claimed that it failed to apprise the accused with reasonable certainty of the offense charged. It obviously contains the essential elements of the offense, is sufficient to apprise the accused of what he must defend against, and is definite enough to obviate the hazards of double jeopardy. United States v Steele, 2 USCMA 379, 9 CMR 9; United States v Sell, 3 USCMA 202, 11 CMR 202. Nor is there any claim in this case that the accused was in any way misled or prejudiced in preparing his defense. If such were a fact, defense counsel could have requested appropriate relief at trial, but even assuming this to be the case, we can only say that the record of trial is silent in this regard. The accused here was charged with desertion. The proof showed his unauthorized absence from his assigned

**237**

unit. This is a sufficient prima facie case to discharge the obligations of the prosecution.

The certified question is answered in the negative. The decision of the board of review is reversed and the case is returned to The Judge Advocate General, United States Air Force, for reference to the board of review for further consideration in view of this opinion.

Chief Judge QUINN and Judge LATIMER concur.