UNITED STATES, Appellant

v

EDWARD L. MITCHELL, Basic Airman,
U. S. Air Force, Appellee

7 USCMA 238, 22 CMR 28

■■■■■■■■■■■■■■■■

No. 8320

Decided August 10, 1956

■■■■■■■■■■■■■■■■

*Major Norman A. Faulkner* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

*Major William A. Guilfoyle* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

### Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted by special court-martial of three specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. He was sentenced to a bad-conduct discharge, forfeiture of $50.00 per month for four months, and confinement at hard labor for four months. The convening authority approved. An Air Force board of review, finding a material variance between the pleading and the proof, disapproved the finding with respect to specifications 2 and 3, and modified the sentence to confinement at hard labor for three months. The question was thereafter certified by The Judge Advocate General of the Air Force as to whether or not the board of review was correct.

The allegations contained in specifications 2 and 3 of Charge I recite that the accused absented himself from his organization, the 502d Materiel Squadron, 502d Air Defense Group, Youngstown Municipal Airport, Youngstown, Ohio. The evidence offered in proof of these specifications consisted of morning report entries which reflect that during the times material to these specifications, the accused's assigned unit was the 502d Materiel Squadron, Youngstown Municipal Airport, Youngstown, Ohio; however, during the periods of absence enumerated in specifications 2 and 3, the accused was not at either time physically present at his assigned unit, but was in confinement at the 801st Air Police Squadron, Lockbourne Air Force Base, Columbus, Ohio, and the 2306-4 S. U. Military Police Company, Fort Hayes, Columbus, Ohio, respectively. The board of review held that since specifications 2 and 3 allege absences without leave from places different from those proved, a fatal variance resulted which required a dismissal of the findings of guilt.

An examination of Air Force Manual 171-6 (March 1, 1955) re-veals that an individual's home unit—where he is placed on duty as an "integral" member

—is called his assigned unit. While assigned to a unit he may be temporarily attached to another activity for duty or administrative reasons. Paragraphs 3t(1) and 3u(1), Chapter 2, Air Force Manual, supra. When he is absent from his assigned unit, in temporary confinement as an unsentenced prisoner at another military installation, his status back at his assigned unit is "absent in confinement." Such persons are carried by the air police reporting unit where confined as " 'attached' only and are not gained to its strength accountability." Paragraph 78(2), Chapter 3, Air Force Manual, supra. He is attached at the place of temporary confinement "not for duty" but for "other administrative reasons," and if while "absent in confinement" he escapes, his status in his assigned unit changes from "absent in confinement" to "AWOL." Paragraphs 26e, g, and 28f, Chapter 13, Air Force Manual, supra. As a consequence, the accused's escape from the temporary units of attachment—the 801st Air Police Squadron and the S. U. Military Police Company—merely changed the nature of the existing absence in his permanently assigned unit from "absent in confinement" to "AWOL." It did not, however, change the accused's place of assignment, nor did it relieve the recording officer in that unit from his duty to record the facts and events with respect to the accused's absence.

". . . When an 'official record' is offered in evidence, and it appears that it was prepared by a military person charged by regulation with the duty of doing so, it will be presumed that it was prepared in accordance with regulations, and by one who knew, or had the duty to know or to ascertain the truth of, the facts or events recorded." [United States v Coates, 2 USCMA 625, 10 CMR 123; also see United States v Masusock, 1 USCMA 32, 1 CMR 32.]

An individual temporarily attached from his assigned unit to another unit continues as a member of the former and, if he absents himself without authority from the latter, becomes absent without leave from the assigned as well as the attached unit. It would

appear therefore that a specification could allege an accused absent from either unit without running the hazards of fatal variance or, because of the dates alleged in the specifications, subject the accused to the possibility of double jeopardy. This position has been recently affirmed by an Army board of review. United States v Arthur, CM 387723, decided February 14, 1956.

Furthermore, we believe the accused waived any objection to the specifications. Although this was a special court-martial, the accused was represented by a lawyer certified by The Judge Advocate General of the Air Force as having the qualifications enunciated in Article 27(b) of the Code, 50 USC § 591. It is noted, with respect to the locale of the absences, that he failed to move that the specification be made more definite and certain. This does not mean, however, that counsel was unmindful of the pleadings. Not satisfied with the specifications as drawn, he moved for appropriate relief as follows:

"DC: In the light and in the fact that three specifications of Charge I and the specification of Charge II set forth the fact that the accused is a member of the 502d Materiel Squadron, when actually he is a member of the 79th Materiel Squadron, the defense makes a motion for appropriate relief.

• • • • •

"DC: The defense feels that the proposed amendment will be appropriate.

"TC: The charges and specifications will be so amended."

The 79th Materiel Squadron was simply a redesignation of the 502d Materiel Squadron, and the purported correction of this defect in the specifications was apparently satisfactory for counsel had no further motions to offer and the accused was arraigned. Moreover, he made no objection to the morning report exhibits which constituted proof of the absences in question. Certainly if counsel felt handicapped because of a variance between the pleadings and the proof, he should have and would

have objected to the exhibits or tendered a motion with respect to the sufficiency of the specification. As a rule failure to object will not reserve an issue on appeal, in the absence of a showing that a substantial and fundamental right is involved. United States v Dupree, 1 USCMA 665, 5 CMR 93.

The gravamen of the offense here charged is unauthorized absence from one's military duties. The evidence in this case established unmistakably that the accused was in fact absent without authority. And "[w]hile more accurate terminology could have been used to describe the accused's acts, there can be no doubt that the specification adequately alleges an offense under the article in question and that the accused knew with certainty of the acts and offense with which he was charged." United States v Cook, 2 USCMA 223, 8 CMR 23. We feel that the language used in United States v Jack, 7 USCMA 235, 22 CMR 25, decided this date, is equally applicable to the facts in this case:

"We find here neither prejudicial variance nor insufficiency of proof. Admittedly, the specification could have and should have been more precise. The draftsman of a specification should be more careful as to what the proof is going to show. But it cannot be successfully claimed that it failed to apprise the accused with reasonable certainty of the offense charged. It obviously contains the essential elements of the offense, is sufficient to apprise the accused of what he must defend against, and is definite enough to obviate the hazards of double jeopardy. United States v Steele, 2 USCMA 379, 9 CMR 9; United States v Sell, 3 USCMA 202, 11 CMR 202. Nor is there any claim in this case that the accused was in any way misled or prejudiced in preparing his defense. If such were a fact defense counsel could have requested appropriate relief at trial, but even assuming this to be the case, we can only say that the record of trial is silent in this regard. The accused here was charged with desertion. The proof showed his unauthorized absence from his assigned unit. This is a sufficient prima facie case to discharge the obligations of the prosecution."

The certified question is answered in the negative. The record is returned to The Judge Advocate General of the United States Air Force for reference to the board of review for further consideration in view of this opinion.

Chief Judge QUINN and Judge LATIMER concur.