**UNITED STATES**

v.

**Airman Basic Jackie L. PRICE, FR 408–92–3506 97th Field Maintenance Squadron Eighth Air Force (SAC)**

**ACM S24258.**

U. S. Air Force Court of Military Review.

3 Oct. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Lieutenant Colonel Anthony C. Vance, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

## DECISION

SANDERS, Judge:

Tried by a special court-martial military judge, the accused was found guilty, contrary to his plea, of a single offense of absence without authority, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence is a bad conduct discharge.

Appellate counsel urge that:

THE SPECIFICATION OF THE CHARGE FAILS TO STATE AN OFFENSE.

The accused was placed on orders by his organization at Blytheville Air Force Base, Arkansas, to go to the 3320th Retraining Squadron, Lowry Air Force Base, Colorado, following a conviction by special court-martial. Rather than going to the 3320th Retraining Squadron, he absented himself, resulting in the instant charges.

The specification upon which he was tried alleged that he:

did, on or about 10 July 1974, without authority, absent himself from his appointed place of duty, to wit: 3320th Retraining Squadron, located at Lowry Air Force Base, Colorado, and did remain so absent until on or about 29 May 1975.

 Citing *United States v. Sturkey*, 50 C.M.R. 110 (A.C.M.R. 1975), the accused contends that the 3320th Retraining Squadron is not a specifically appointed place of duty, therefore the specification fails to state an offense. We do not agree.

For purposes of our decision we need only point out a significant distinction between this case and the *Sturkey* case. The latter is concerned with a charge under the provision of Article 86(1), Code, supra (failure to go to his appointed place of duty) while the case *sub judice* involves a charge under Article 86(3) of the Code. Under Article 86(3) an offense is committed when a member of the Armed Forces ". . . absents himself or remains absent from his unit, organization, or place of duty at which he is required to be at the time prescribed." Unlike the more demanding requirements for specificity held necessary by the Army Court of Military Review in *Sturkey*, the term "place of duty" under Article 86(3) covers "the broader concepts of a general place of duty as might be contained within the terms 'command,' 'quarters,' 'station,' 'base,' 'camp,' or 'post.'" Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 254; *United States v. Morris*, 2 C.M.R. 640 (A.F.C.M.R. 1951). Under the circumstances, the specification in this case was adequately drawn to charge the offense of absence without authority in violation of Article 86(3), Code, supra.

We noted the specification as drawn did not explicitly follow the sample specification as set out in Appendix 6c (Form 14), Manual for Courts-Martial, 1969 (Rev.), in that the words "at which he was required to be" were omitted therefrom. Nevertheless, it was adequate in that it contained the essential elements of the offense intended to be charged, sufficiently apprised the accused of what he was called upon to defend and protected him against further proceedings for a similar offense. Furthermore, the specification was not attacked at the trial forum. Therefore, it is enough to withstand a broadside charge that the specification does not state an offense if, as in this case, the necessary facts appear in any form or by fair construction can be found, within the terms of the specification. *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953); *United States v. Pope*, 47 C.M.R. 784 (A.F.C.M.R. 1973).

Accordingly, the approved findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and ORSER, Judge, concur.