**UNITED STATES, Appellee,**

v.

**Private (E–1) Edward W. GREEN, Jr., SSN 577–76–1602, United States Army, Appellant.**

**SPCM 17133.**

U. S. Army Court of Military Review.

24 Sept. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Mary R. Brady, JAGC, and Major

Robert C. Rhodes, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Mark S. Julius, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Senior Judge:

The appellant was convicted of two specifications of unauthorized absence of a duration of seven and twenty-nine days, two specifications of willfully disobeying the order of his superior noncommissioned officer, and one specification of being disrespectful to his superior noncommissioned officer in the execution of his office, in violation of Articles 86 and 91 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 891 (1976). His sentence to a bad-conduct discharge, forfeiture of $350.00 pay per month for six months, and confinement at hard labor for six months was approved by the convening authority.*

The appellant contends that his conviction for the seven-day absence must be set aside because he was not accountable to the unit which reported his absence. The appellant was charged with being absent without authority from the 598th Maintenance Company, located at Fort Benning, Georgia, from 22–29 May 1981. The government introduced two documents (DA Form 4187) prepared by the commander of the 598th Maintenance Company reporting that the appellant was absent without leave from that unit from 22 May to 31 May 1981. The company commander, Captain Robert W. Brown, also testified that the appellant had been temporarily attached to a unit at Fort Myer, Virginia, in connection with an emergency leave and was supposed to return to his assigned unit at Fort Benning on 29 May. Captain Brown was notified on 22 May by the authorities at Fort Myer that

---

* The appellant was acquitted of two specifications of larceny. In addition, the military judge dismissed a specification alleging that the appellant left his place of duty without authority.

the appellant was absent without authority from his attached unit. The attachment orders were then revoked and the two documents (DA Form 4187) were thereafter prepared in due course. The appellant contends that the responsibility for reporting his status lay with the attached unit rather than with the assigned unit. We disagree. As the Court of Military Appeals noted in *United States v. Mitchell*, 7 U.S.C.M.A. 238, 240, 22 C.M.R. 28, 30 (1956),

> An individual temporarily attached from his assigned unit to another unit continues as a member of the former and, if he absents himself without authority from the latter, becomes absent without leave from the assigned as well° as the attached unit.

Applicable regulations provide in such circumstances that the commander of the assigned unit is responsible for taking appropriate action, to include reporting the individual's status. Paragraph 2–5, Army Regulation 630–10, 15 January 1980. Accordingly, we find that the documents in question (DA Form 4187) were properly prepared and that the evidence is sufficient to support the finding of the appellant's unauthorized absence from the 598th Maintenance Company.

The appellant next contends that he should have received credit for the fifty-three days he spent in pretrial confinement, particularly since the combination of pretrial and adjudged confinement exceeds the maximum confinement authorized to be adjudged by a special court-martial. This issue was recently addressed by the Court of Military Appeals in *United States v. Davidson*, 14 M.J. 81 (C.M.A.1982). In that case the Court held that as pretrial confinement is not the legal equivalent of confinement at hard labor adjudged by a court-martial, there is no duty to credit an accused with the pretrial confinement served even if the aggregate confinement exceeds the maximum authorized by the Table of Maximum Punishments. The Court noted, however, that the judge failed to instruct the court members to consider the pretrial confinement in arriving at an appropriate sentence and that the staff judge advocate likewise

failed to advise the convening authority that he should also consider it in determining what sentence to approve. *See* paragraphs 76a(2) and 88b, Manual for Courts-Martial, United States, 1969 (Revised edition). The Court held that the accused had been prejudiced by these failures and returned the case to the Air Force Court of Military Review for reduction of the sentence at least by the amount of the pretrial confinement.

In the instant case, the military judge properly instructed the court members that they should consider the pretrial confinement in arriving at an appropriate sentence. Likewise, the staff judge advocate advised the convening authority that the pretrial confinement was to be considered as matter in extenuation and mitigation.

The remaining assignments of error have been considered and decided adversely to the appellant.

The findings of guilty and the sentence are AFFIRMED.

Judge FOREMAN and Judge WERNER concur.