**UNITED STATES, Appellee**

v.

**Errol A. ATKINSON, Staff Sergeant, U.S. Army, Appellant.**

No. 68,350.
CMR No. 9101259.

U.S. Court of Military Appeals.

Argued Feb. 3, 1994.

Decided July 14, 1994.

For Appellant: *Captain Roy H. Hewitt* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Major Fran W. Walterhouse, Captain Beth G. Pacella* (on brief); *Colonel Stephen D. Smith.*

For Appellee: *Captain Gregory T. Baldwin* (argued); *Colonel Dayton M. Cramer and Major Joseph C. Swetnam* (on brief); *Major James L. Pohl and Captain Sheila E. McDonald.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant was tried by a military judge sitting alone as a general court-martial at the United States Army Training Center and Fort Jackson, Fort Jackson, South Carolina. Contrary to his pleas, appellant was found guilty of desertion with intent to shirk important service, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885. On June 10, 1991, he was sentenced to a bad-conduct discharge, confinement for 3 months and 15 days, forfeiture of $500.00 pay per month for 6 months, and reduction to pay grade E–1. The convening authority approved the sentence on July 11, 1991. The Court of Military Review set aside the action of the convening authority on May 21, 1992, in an unpublished opinion. On September 3, 1992, another action was taken by a different convening authority who again approved the sentence as adjudged. The Court of Military Review affirmed the findings and sentence on October 26, 1992, in an unpublished opinion.

On April 29, 1993, this Court granted review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE FOUND APPELLANT GUILTY OF THE CHARGE AND ITS SPECIFICATION BECAUSE THERE WAS A FATAL VARIANCE BETWEEN THE PLEADING AND THE PROOF.

We hold that there was no fatal or prejudicial variance in this case. *United States v. Mitchell,* 7 USCMA 238, 22 CMR 28 (1956); *see also United States v. Lee,* 1 MJ 15 (CMA 1975).

Evidence was admitted in this case showing the following. Appellant was a member of the 1052d Transportation Company, an Army National Guard Unit located in Kingstree, South Carolina. In November 1990, this unit was ordered to active duty in support of Operation Desert Shield/Desert Storm. During the mobilization period, the 1052d Transportation Company was attached to various command authorities. On Novem-

ber 15, 1990, it was attached for mobilization purposes to Fort Jackson, S.C. On November 19, 1990, the unit was ordered attached to Troop Command, U.S. Army Training Center, Fort Jackson. On December 3, 1990, the unit was released from attachment to Troop Command and subsequently attached to AR-CENT Forward, SWA and assigned to U.S. Army Forces Command. This last set of orders specifically listed appellant as part of the Transportation Unit. Appellant did not deploy with his unit to Southwest Asia, because of a medical problem.

During the period he was medically unfit, appellant was temporarily assigned to Troop Command, Fort Jackson. In February 1991, appellant became medically eligible for deployment to Southwest Asia. On February 14, 1991, military orders directed appellant to "rejoin" his unit in Southwest Asia and to do so by reporting to the Conus Replacement Center (CRC) for processing. Appellant was reported absent without leave from the 869th Replacement Company (Troop Command) on February 21, 1991. Military orders dated February 27, 1991, which were addressed to appellant at 1052d Transportation Company, directed him to temporary duty at Troop Command pending return from absent-without-leave status. Appellant was subsequently charged with quitting his unit, which was listed as 1052d Transportation Company, Kingstree, South Carolina.

Appellant was subject to the following order on the day of his desertion:

PERMANENT ORDER  022-002                                              14 February 1991

So much of:  PERMANENT ORDER 116-02 DA, HQ, USATC&FJ, Fort Jackson, South
  Carolina  29207, dtd 19 November, as amended by PERMANENT ORDER 121-03, DA
  HQ, USATC&FJ, Fort Jackson, South Carolina, dtd 03 December 1990; as amended
  by PERMANENT ORDER 010-002, DA, HQ USATC&FJ, Fort Jackson, South Carolina
  29207, dtd 17 January 1991, as amended by PERMANENT ORDER 010-008 DA, HQ,
  USATC&FJ, Fort Jackson, South Carolina  29207, dtd 17 January 1991, as
  amended by PERMANENT ORDER 021-003 DA, HQ, USATC&FJ, Fort Jackson, South
  Carolina . 29207, dtd 13 February 1991, as amended by PERMANENT ORDER 021-005,
  DA, HQ, USATC&FJ, Fort Jackson, South Carolina  29207, dtd 13 February 1991.
Pertaining to:  1052d Transportation Company (WCNNAA), Fort Jackson, South
  Carolina  29207.
As reads:  Amend to delete the following personnel from main body roster:
  Wilson, Pickens Jr., 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, 1052d Transportation Company.  Amend to add
  the following personnel to deploy through CONUS Replacement Center (CRC),
  Fort Jackson, South Carolina  29207 with an effective date of 27 February
  1991.
  Wilson, Pickens Jr., 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, 1052d Transportation Company
How changed:  Amend to add the following personnel to deploy through the
  CONUS Replacement Center (CRC), Fort Jackson, South Carolina  29207
  with an effective date of 17 February 1991.
  Atkinson, Errol A., 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, 1052d Transportation Company
Special instructions:  Member will report to CRC, Fort Jackson, South
  Carolina  29207 to be processed for movement to SWA.  Member is to rejoin
  unit in theater of operation or may be diverted to fulfill more pressing
  strength obligations.
Authority:  N/A
Format:  700

*FOR THE COMMANDER:*

---

Appellant was found guilty of the following offense under Article 85:

SPECIFICATION: In that Staff Sergeant Errol A. Atkinson, U.S. Army, Headquarters Company, Troop Command, U.S. Army Training Center and Fort Jackson, Fort Jackson, South Carolina, did, on or about 21 February 1991, with intent to shirk important service, namely: deployment to Southwest Asia in support of Operation Desert Storm, *quit his unit,* to wit: *1052d Transportation Company, Kingstree, South Carolina,* and did remain so absent in desertion until on or about 27 March 1991.

(Emphasis added.)

He asserts now, as he did at trial, that his conviction of this offense must be set aside because of a fatal variance of proof. *See United States v. Pounds,* 23 USCMA 153, 48 CMR 769 (CMA 1974). He argues that the Government's own evidence shows that "the place of duty" from which he was absent was the CONUS Replacement Center (CRC) Fort Jackson, South Carolina, not the "1052d Transportation Company, Kingstree, South Carolina." Final Brief at 3 and 4.

This argument, of course, ignores the fact that appellant was charged not with absence from his place of duty but rather with quitting his unit. Article 85 in pertinent part states:

## DESERTION

(a) Any member of the armed forces who—

(1) without authority goes or remains absent from his unit, organization, or place of duty with intent to remain away therefrom permanently;

(2) *quits his unit, organization, or place of duty with intent to avoid hazardous duty or to shirk important service;* or

&#42;  &#42;  &#42;

is guilty of desertion.

(Emphasis added.) On its face, this codal article provides that a servicemember can be charged with desertion from "his unit, organization or place of duty." (Emphasis added.) Appellant's assigned unit at the time of his desertion was the 1052d Transportation Company. Accordingly, the place-of-duty rationale of *United States v. Pounds, supra,* does not require reversal in this case. *Cf. United States v. Johnson,* 3 USCMA 174, 177, 11 CMR 174, 177 (1953)(missing movement).

A situation similar to appellant's was considered by this Court long ago in *United States v. Mitchell,* 7 USCMA 238, 22 CMR 28 (1956). There, a servicemember was assigned to the 502d Materiel Squadron, Youngstown Municipal Airport, Youngstown, Ohio, and was charged with absence from this organization on certain dates. The evidence at trial, however, showed that, on the dates in question, he actually escaped from confinement at the 801st Air Police Squadron, Lockburne Air Force Base, Columbus, Ohio, and the 2306–4 S.U. Military Police Company, Fort Hayes, Columbus, Ohio, respectively.

This Court found that no fatal variance existed in that situation. We said:

An individual temporarily attached from his assigned unit to another unit continues as a member of the former and, if he absents himself without authority from the latter, becomes absent without leave from the assigned as well as the attached unit. It would appear therefore that a specification could allege an accused absent from either unit without running the hazards of fatal variance or, because of the dates alleged in the specifications, subject the accused to the possibility of double jeopardy. This position has been recently affirmed by an Army board of review. *United States v. Arthur,* CM 387723, decided February 14, 1956.

*United States v. Mitchell,* 7 USCMA at 240, 22 CMR at 30. The same rule should apply in appellant's case. To the extent that *United States v. Ivory,* 9 USCMA 516, 518–19, 26 CMR 296, 298–99 (1958), sug-

gests a different rule, we find it inapplicable. Appellant, unlike Private Ivory, was assigned permanently to the unit alleged in the challenged specification of desertion.

The decision of the United States Army Court of Military Review on further review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.