UNITED STATES

v.

**Travis J. CARY, Seaman Recruit (E–1), U.S. Navy.**

**NMCM 200100801.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 Dec. 2000.

Decided 23 Sept. 2002.

CAPT Carol J. Cooper, JAGC, USN, Appellate Defense Counsel.

CDR Tracy B. Calabrese, JAGC, USNR, Appellate Defense Counsel.

CDR Daniel D. Downing, JAGC, USNR, Appellate Defense Counsel.

LT Frank L. Gatto, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, RITTER and FINNIE, Appellate Military Judges.

LEO, Chief Judge:

In accordance with his pleas, the appellant was convicted at a special court-martial before a military judge alone of unauthorized absence and wrongful use of marijuana, in violation of Articles 86 and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a. He was awarded a bad-conduct discharge, confinement for 90 days, and "[n]inety days forfeiture of two-thirds all pay and allowances."[1] Record at 78. The convening authority approved the sentence as adjudged.

In addition to the two assignments of error raised by the appellant,[2] this Court specified the following issue:

Does the providence inquiry, and evidence admitted in support of such inquiry, establish the appellant's guilt to unauthorized absence from his unit, the USS ROBERT G. BRADLEY (FFG 49), located at Naval Station, Mayport, Florida, where the underlying act is missing a telephone muster with the Personnel Support Detachment in Tampa, Florida?

After reviewing the record of trial and the briefs of counsel on the specified issue, we conclude the appellant's plea of guilty to unauthorized absence is improvident. We will take corrective action in our decretal paragraph.

## Providence of Unauthorized Absence Offense

■ Determining the appellant's correct place of duty at the time of his alleged absence offense is far from straightforward in this case. The appellant was permanently stationed on board the USS ROBERT G. BRADLEY (FFG 49). It appears that he was assigned to Naval Station Mayport and then Naval Air Station (NAS) Jacksonville, in the course of assisting the Naval Criminal Investigative Service (NCIS) with an ongoing investigation. Because certain individuals that the appellant implicated as drug users were processed out of the Navy at NAS Jacksonville, the appellant was permitted to leave the immediate area temporarily and live with his cousin in Tampa, Florida. As a condition for this arrangement, he was required to perform a "telephone muster" each morning at 0730 hours, five days a week, with a Senior Chief Davis at the Navy Personnel Support Detachment (PSD), on board MacDill Air Force Base (AFB). The appellant was essentially on his own, working and attending college courses, except for this daily telephone muster. The appellant's failure to call the senior chief is the basis for the unauthorized absence charge.

The appellant contends that he was not absent from his unit or place of duty, as he was permitted by competent authority to live with his cousin in Tampa. We agree. The record contains no evidence that the appellant was not physically located exactly where the military had allowed him to be. Although characterized as a "telephone muster," the appellant's actions constituted a failure to perform a particular *task*, not a failure to be at a particular *place*. For this reason, his guilty plea to the charge of unauthorized absence cannot stand.

Article 86, UCMJ, is "designed to cover every case not elsewhere provided for in which any member of the armed forces is

1. The adjudged sentence failed to state forfeitures in an exact dollar amount, as required by RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.).

2. I. THE MILITARY JUDGE AWARDED AND THE CONVENING AUTHORITY APPROVED AN ILLEGAL PUNISHMENT.

II. THE MILITARY JUDGE FAILED TO EXPRESS FORFEITURES IN WHOLE DOLLAR AMOUNTS AND THE CONVENING AUTHORITY IMPROPERLY APPROVED THE ERRONEOUS PUNISHMENT.

through the member's own fault not at the *place where the member is required to be* at a prescribed time." MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Part IV, ¶ 10c(1)(emphasis added). The Government argues that the appellant could be absent simultaneously from both the USS ROBERT G. BRADLEY and any place of duty to which he was temporarily assigned. *See United States v. Mitchell*, 7 C.M.A. 238, 22 C.M.R. 28, 30, 1956 WL 4730 (1956); MCM, Part IV, ¶ 10c(7). However, this argument misses the mark. The appellant's unit, organization, or place of duty is irrelevant for purposes of this offense, if the appellant was not "absent" within the meaning of Article 86, UCMJ.

We were unable to find any authority directly addressing the propriety of telephone musters as a basis for an unauthorized absence charge, nor has any been cited by the parties in this case. There is, however, ample authority for the proposition that a telephone call from an absent accused does not terminate a period of unauthorized absence. *See United States v. Fritz*, 31 M.J. 661, 662 (N.M.C.M.R.1990), *aff'd*, 40 M.J. 290 (C.M.A. 1994); *United States v. Anderson*, 1 M.J. 688, 689–90 (N.C.M.R.1975); *United States v. Baughman*, 8 M.J. 545, 547 (C.G.C.M.R. 1979). It would be an anomalous result, indeed, if an accused cannot terminate an unauthorized absence by telephoning his command, yet is able to commence such an absence by failing to make a telephone muster with his command.[3] As a result, we do not believe that the failure to make a telephone muster, without more, somehow altered the geographic location of the appellant's duty assignment.

The Government argues that the arrangement between the appellant and Senior Chief Davis entailed more:

> Appellant was allowed to simply call in so he could be accounted for instead of being required to actually report in each morning and then, just be sent off on liberty. However, appellant understood if he did

not phone in and muster, then he was required to actually report in to be accounted for or he would be UA.

Government's Answer of 20 Jun 2002 at 5. The record does not reveal sufficient facts to support this contention. Neither the appellant's disclosures during the providence inquiry, nor the stipulation of fact, Prosecution Exhibit 1, indicate he was ever expected to report in person or perform any duties at PSD. Furthermore, there is nothing in the record to suggest the appellant was required to call in daily to see if he needed to report to PSD in person. To the contrary, the appellant indicated he was only supposed to call to let the senior chief there know that he was "still alive." Record at 28.

Logically and legally, there is a distinction between where a servicemember is required to *be*, and what the servicemember is required to *do*. The former lies within the parameters of Article 86, UCMJ. The latter, however, is more appropriately charged under Articles 90, 91, or 92, UCMJ, even if the required actions are conditions resulting from the servicemember's physical location. The appellant's failure to telephone the senior chief at PSD each day, while living with his cousin in Tampa, falls within this latter category. Accordingly, the appellant's answers during the providence inquiry raised factual matters substantially inconsistent with his guilty plea to unauthorized absence, and the military judged erred by accepting the guilty plea to this charge. *See United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)(holding that there must be a "substantial basis" for rejecting a guilty plea).

■ The question remains whether we may, nonetheless, affirm a finding of guilty to a closely-related offense. *See United States v. Felty*, 12 M.J. 438, 442 (C.M.A.1982). Under the facts of this case, we hold that an unauthorized absence from a ship in Mayport, Florida, is not closely related to an orders violation of failing to muster by phone with PSD, MacDill AFB. First, the two

---

**3.** In *Anderson*, this court noted:

We are constrained to note that according to the appellant's reasoning an individual could absent himself indefinitely but should he telephone his unit daily he would never be in an unauthorized absence status except for the period of time it took him to locate a telephone on the first day. 1 M.J. at 690.

offenses are under separate UCMJ articles; second, the two offenses have different maximum punishments; third, and most importantly, the offense of unauthorized absence has substantially different elements from an orders violation and, thus, fails to put the appellant adequately on notice of the alleged misconduct. *See e.g., United States v. Bivins,* 49 M.J. 328, 332–33 (1998); *Felty,* 12 M.J. at 441–42; *United States v. Smith,* 37 M.J. 583, 587 (N.M.C.M.R.1993). This court has held that the differences between Articles 86(2) and 86(3), UCMJ, are sufficiently significant to preclude application of the *Felty* doctrine. *Smith,* 37 M.J. at 587. Clearly, the differences between Article 86(3), UCMJ, and Articles 91 or 92, UCMJ, are even more pronounced. Therefore, the findings of guilty to Charge I and its specification cannot be affirmed.

## Conclusion

The findings of guilty as to Charge I and its specification are set aside. The remaining findings of guilty are affirmed. The sentence is set aside.[4] The same or a different convening authority may order a rehearing on Charge I and its specification and the sentence. If the convening authority determines that a rehearing on Charge I and its specification is impracticable, he or she may dismiss Charge I and its specification and order a rehearing on the sentence only. Following the completion of a new staff judge advocate's recommendation and convening authority's action, the record will be returned to this court for completion of appellate review. *Boudreaux v. U.S. Navy–Marine Corps C.M.R.,* 28 M.J. 181, 182 (C.M.A.1989).

Senior Judge FINNIE and Judge RITTER concur.

---

4. In light of this action, the issues raised in the remaining assignments of error are moot.