# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class ANTHONY M. WATTS
### United States Air Force

### ACM S32146

### 17 June 2014

Sentence adjudged 17 April 2013 by SPCM convened at Tinker Air Force Base, Oklahoma. Military Judge: Donald R. Eller, Jr. (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 60 days, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Isaac C. Kennen.

Appellate Counsel for the United States: Colonel Don M. Christensen; Colonel William R. Youngblood; and Gerald R. Bruce, Esquire.

Before

MARKSTEINER, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WEBER, Judge:

A special court-martial composed of a military judge sitting alone convicted the appellant, in accordance with his pleas, of eight specifications under three charges: one specification of being absent without authority (terminated by apprehension), one specification of going from his appointed place of duty, and one specification of failing to go to his appointed place of duty (Charge I); two specifications of failing to obey a lawful general regulation for possessing and using spice, and one specification of failing to obey a lawful order (Charge II); and two specifications of making a false official statement (Charge III). The appellant's actions represented violations of Articles 86, 92, and 107, UCMJ, 10 U.S.C. §§ 886, 892, 907. The military judge sentenced the appellant to a

bad-conduct discharge, confinement for 75 days, and reduction to E-1. A pretrial agreement limited the appellant's term of confinement to 60 days.

The appellant alleges the evidence is legally insufficient to support his convictions for going from his appointed place of duty and failing to go to his appointed place of duty. We find no error materially prejudicing a substantial right of the appellant, but we note errors in the post-trial processing of this case and return the record of trial to correct these errors.

*Background*

The appellant engaged in a series of criminal acts, including absenting himself from his place of duty and remaining absent until he was apprehended. The appellant also possessed and used spice on divers occasions, including having spice in his possession when he reported to his commander's office to be ordered into pretrial confinement. In pretrial confinement, the appellant violated a no-contact order twice by calling his girlfriend.

Most relevant to the appellant's assignment of error, after he failed to show at the appointed time on 2 January 2013 to take a promotion test, his leadership conducted a health and welfare check and located him off base. As a result, the next day the appellant's flight chief provided him a written order to perform duty at Building 255 on Tinker Air Force Base (AFB), Oklahoma, from 0730 to 1630, Monday through Friday, unless released by a proper authority. The appellant nonetheless absented himself from his place of duty for about three days until law enforcement officers apprehended him.

On 5 February 2013, the appellant left his appointed placed of duty about three hours before his duty day ended. Two days later, the appellant reported more than 30 minutes late to work. During the providency inquiry for these two specifications, the appellant admitted that he knew his appointed place of duty was Building 255 on Tinker AFB because his superintendent had ordered him to perform duty there from 0730 to 1630 every Monday through Friday. The appellant admitted that this order was clear, that he understood where his appointed place of duty was, and that his supervisor had the authority to issue this order. He further admitted he had no justification or excuse for his actions in leaving work early and failing to report to work on time.

*Legal Sufficiency*

The appellant pled guilty to all charges and specifications, but he now alleges his convictions for going from his appointed place of duty and failure to go to his appointed place of duty are legally insufficient. We disagree.

In accordance with Article 66(c), UCMJ, 10 U.S.C. § 866(c), we review issues of legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (citation and internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted). Our assessment of legal sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993) (citations omitted).

The appellant's legal insufficiency argument centers on one narrow matter. He does not contest his admissions at trial that he left work early or failed to report to work on time. Rather, he contends that the Government charged him under the wrong provision of Article 86, UCMJ, because the charged provisions do not criminalize failure to go to one's *general* place of duty. He argues that Building 255 was his *general* place of duty rather than a specifically-appointed one, and therefore he should have been charged for absence without authority under Article 86(3), UCMJ, instead of failure to go to under Article 86(1), UCMJ, or leaving from his appointed place of duty under Article 86(2), UCMJ. The appellant cites *United States v. Sturkey*, 50 C.M.R. 110 (A.C.M.R. 1975), and *United States v. Price*, 1 M.J. 552 (A.F.C.M.R. 1975), for this proposition. In *Sturkey*, the Army Court held, "The appointed place of duty involved in Article 86(1), UCMJ, refers to a specifically appointed place of duty such as kitchen police, reveille formation, or first floor of a barracks rather than a broader general place of duty such as a command, a post or a unit." 50 C.M.R. at 111.

We find the appellant's convictions legally sufficient. The appellant pointedly admitted that he had been properly ordered to report to Building 255 on Tinker AFB as his place of duty. The fact that this might have also been his normal duty location is irrelevant, and the appellant's reliance on *Sturkey* and *Price* is misplaced. These cases do not state that the specifically-appointed place of duty must be a different location than the person's general place of duty. *Sturkey* merely stands for the proposition that the place of duty under Article 86(1), UCMJ, refers to a specifically-appointed place of duty, whereas the place of duty under Article 86(3), UCMJ, may refer to the broader concepts of one's command or unit. *Price* did not even specifically adopt *Sturkey*'s holding, instead affirming a conviction under Article 86(3), UCMJ, where Price was absent without authority from the "3320th retraining squadron." *Price*, 1 M.J. at 553. Here, the charge sheet listed a specifically-appointed place of duty, including a building number rather than a general unit to which the appellant was assigned. The appellant admitted that this location was a place of duty his superintendent properly appointed for him. We therefore find nothing legally insufficient about the appellant's conviction, nor do we find anything improvident about his guilty plea.

*Post-Trial Processing*

Both the Action and the Court-Martial Order (CMO) in this case are incorrect. The military judge imposed a sentence that included confinement for 75 days.[*] The pretrial agreement limited confinement to 60 days. The staff judge advocate's recommendation appropriately noted this limitation, but the addendum to this recommendation inexplicably advised, "I recommend that you approve the findings and sentence as adjudged." Acting upon this recommendation, the convening authority's Action approved the sentence as adjudged. A subsequent CMO erroneously listed the adjudged sentence as including confinement for 60 days and the convening authority approving the sentence as adjudged.

The appellant is entitled to accurate records from his court-martial, and the servicing legal office should be afforded another opportunity to accurately complete post-trial processing in this matter. We therefore direct the convening authority to withdraw the original Action and substitute a corrected Action. Rule for Courts-Martial (R.C.M.) 1107(g). We also direct publication of a corrected CMO. *See* R.C.M. 1114; Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

*Conclusion*

Accordingly, we return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the erroneous Action and substitute a corrected Action. Further, we order the promulgation of a corrected CMO reflecting the correct action. Thereafter, Article 66, UCMJ, shall apply.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[*] The appellant was then credited with 29 days served in pretrial confinement.