UNITED STATES, Appellant

v

TOMMY L. BOWMAN, Private First Class,
U. S. Army, Appellee

21 USCMA 48, 44 CMR 102

No. 24,107

August 13, 1971

*Captain Leon J. Schachter* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant* and *Lieutenant Colonel Ronald M. Holdaway.*

*Captain Joseph V. Aprile, II,* argued the cause for Appellee, Accused. With him on the brief were *Colonel George J. McCartin, Jr.,* and *Captain John D. Lanoue.*

## Opinion

DARDEN, Chief Judge:

A majority of a panel of the United States Army Court of Military Review decided that in this case the military judge erred in admitting into evidence a certain extract of a morning report. The Judge Advocate General of the Army certified to this Court the question of whether the military judge's decision was correct.

At a general court-martial trial involving four specifications alleging absence without leave, the prosecution introduced extract copies of morning reports. Trial defense counsel objected to the admission of Prosecution Exhibit 1, the morning report extract that is the center of controversy in this case. He referred at first to the omission from item 4 of the document of the name or designation of a reporting unit, but in developing the basis for the objection he concentrated on what he regarded as conflicts in other information provided on the morning report. Those conflicts are no longer an issue. The military judge, who was trying the case alone in compliance with a request from Bowman, overruled the objection and admitted the extract.

Item 4 of Section II of an Extract Copy of Morning Report (DA Form 188, April 1, 1960) calls for listing a "Reporting Unit as Shown on Morning Report." Item 5 of this same form has space for the furnishing of a "Parent Unit as Shown on Morning Report." The extract with which we are concerned had no entry in item 4; item 5 contained the notation, "USA OS REPL STA (6A)." Appellate defense counsel informed us that the designation "USA OS REPL STA (6A)" could apply to organizations at Fort Lewis, Washington, and at Oakland, California. Items 4 and 5 of the morning reports, which were appellate exhibits, show the same omission and notation.

Under the official records exception to the hearsay rule, the official record must be one that has been made according to the laws and regulations. United States v Parlier, 1 USCMA 433, 435, 4 CMR 25 (1952). Only the records kept in such manner are presumed to be regular. Since items 4 and 5 of the morning report itself show the same omission and notation as the extract, we must determine whether the omission of an entry of a reporting unit defeats the admissibility of the document. United States v Anderten, 4 USCMA 354, 15 CMR 354 (1954).

At the time these morning reports were prepared, paragraph 1–19 of Army Regulation 335–60 provided that the reporting unit be shown in item 4 of the morning report unless the reporting organization was a separate unit, in which case the unit was considered a parent, and item 4 involving the name of the reporting unit was to be left blank. Although Army Regulation 335–60 does not define the term "separate unit," the Government conceded before the Court of Military Review that the Overseas Replacement Station at Oakland, California, is not a parent or separate unit, and the Court of Military Review characterized this concession as correct. United States v Bowman, 44 CMR 285 (ACMR 1971), footnote 1. The omission, then, of an entry under the reporting unit was an error. We still must determine if the error was of a type that requires exclusion of the document.

The certification in Section III of the abstract was accomplished at Oakland, California. The Government contends that the certification can be construed to identify the Overseas Replacement Station at Oakland as the one from which Bowman was absent without leave. In its majority opinion the Court of Military Review decided that the certification in Section III of the abstract is hearsay of a kind that does not qualify as admissible under one of the exceptions to the hearsay rule. The majority opinion emphasized that the Oakland entry in the certification was made not as a *record* of data but as a *certification*. Our decision in this case is on a ground that makes our resolution of this point unnecessary.

Under military law, the Government must establish not only that an accused has been absent ■■ without leave but also the organization from which he was absent. United States v Larkin, — CMR — (ACMR 1971); United States v Barnes, 22 CMR 439 (ABR 1956); cf. United States v Jack, 7 USCMA 235, 22 CMR 25 (1956); United States v Mitchell, 7 USCMA 238, 22 CMR 28 (1956). But in a normal absent-without-leave offense, an averment of the physical location of the organization from which the accused was absent has not been held essential. Nothing we find in the regulations applicable to the document in issue here or on the form itself provides that the physical location of the reporting unit be shown in item 4 of the morning report. In fact, another item of the morning report form, item 10, is captioned "Permanent Station or Location" and in the specific morning report form with which we are now concerned this item shows "Oakland Calif." Since the regulations governing preparation of the ex- ■■ tract of the morning report do not provide for the furnishing of the location of the reporting unit, it appears that even if the morning report form had been executed precisely in accordance with the applicable regulations, item 4 would

have reflected exactly the same information shown in item 5, that is, "USA OS REPL STA (6A)." This would still have not met the appellate argument that since another Overseas Replacement Station existed within the Sixth Army, the extract did not show the particular organization from which Bowman was absent without authority. It seems to follow that the real appellate complaint is not that the morning report and its extract omitted the name of the reporting unit but that the physical location of the organization from which Bowman was absent was not required by the regulation.

If two organizations have exactly the same designation, the objective of protecting an accused against another trial for the same absence has added importance. In the instance at hand, however, not only did the specifications show the location of the unit from which Bowman was charged with being absent without authority but Bowman could also cite the conviction for the dates concerned as a defense to the hypothetical possibility he might later be tried for an unauthorized absence from a unit of the same name at Fort Lewis. He could not be absent without authority from two different units for exactly the same period of time. If inconsistent entries on morning reports affect only the weight but not the admissibility of these reports (United States v Anderten, supra), a fortiori a failure to record both a parent unit and a reporting unit should not make an extract inadmissible. The military judge therefore correctly admitted this exhibit into evidence. The certified question is answered in the negative.

Accordingly, the decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for further consideration.

QUINN, Judge (concurring in the result):

Geographic separation of parts of an organization may be accompanied by such changes in administrative authority as to make the separate parts

independent entities. See United States v Woodward, 16 USCMA 266, 36 CMR 422 (1966); cf. United States v Greenwell, 19 USCMA 460, 42 CMR 62 (1970). This record discloses nothing of the circumstances of the creation and nothing of the operation of Overseas Replacement Station (6th Army). By itself, it does not, therefore, indicate that we are dealing with two organizations, either separated or united. However, apparently, as a matter of judicial notice or common experience (see United States v Smith, 17 USCMA 55, 37 CMR 319 (1967)), the Court of Military Review pointed out that the designation "USA OS REPL STA (6A)" "is applicable to organizations at Fort Lewis, Washington, and Oakland, California"; it also implied without reference to the underlying facts that the Oakland organization was not a separate or parent unit. If these facts are properly noticeable, it is manifest that in preparing the morning report Oakland inserted its unit designation in the wrong box. Those same facts, however, demonstrate that the error was one of form, not substance. See United States v Williams, 6 USCMA 243, 19 CMR 369 (1955). The failure to adhere to the form as distinguished from the substance of a procedural regulation or law does not affect the validity of an otherwise legal act. United States v Williams, supra; United States v Heaney, 9 USCMA 6, 25 CMR 268 (1958); see also United States v Larson, 20 USCMA 565, 43 CMR 405 (1971); United States v Zilke, 16 USCMA 534, 37 CMR 154 (1967). I conclude, therefore, that the trial judge correctly admitted the extract into evidence, and I join in answering the certified question in the negative.

FERGUSON, Senior Judge (concurring in the result):

I concur in the result.

In my opinion, the morning report extract is concededly a true copy of the original record and is admissible, together with the custodial certificate attached to it. It is sufficient to establish that the accused was absent without leave of the United States Army Overseas Replacement Station, Sixth Army, at Oakland, California. While I agree with the reversal of the Court of Military Review's decision, I disassociate myself from the rationale of the principal opinion.