## UNITED STATES

### v.

**Airman Basic Willie T. WALLS, Jr., FR 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 3320th Retraining Squadron Lowry Technical Training Center (ATC).**

### ACM S24274.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 July 1975.

Decided 24 Nov. 1975.

---

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

## DECISION

EARLY, Judge:

Tried by special court-martial, military judge alone, the accused was convicted, despite his pleas, of absence without leave from 5 November 1974 to 6 June 1975, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence extends to bad conduct discharge, confinement at hard labor for two months and forfeiture of $100.00 per month for two months.

Appellate defense counsel have assigned the following error:

The Military Judge's findings by exceptions and substitutions were improper in that there was a fatal variance between the pleading and proof.

We agree.

The accused was charged with absence without leave "from his organization, to wit: 803 Combat Support Group, located at Davis Monthan Air Force Base, Arizona," for the above-noted period. In proof of this allegation, the trial counsel introduced doc-

umentary evidence establishing the relevant inception and termination dates and a copy of the accused's reassignment orders containing, in pertinent part, the following directions applicable to the accused:

[First page:]

9. Unit, Major Command, address, and pas of unit to which assigned
   See reverse

   .      .      .      .      .

12. Report to Comdr new assignment NLT
    See reverse

[Reverse page:]

355 Tac Ftr Wg (TAC), Davis Monthan AFB AZ 85707 PAS DFOTFVS5 TPC 3 days

CBPO: HQ 803 CSGp, Davis Monthan AFB AZ 85707 Rprt to Comdr NLT 5 Nov. 74

Prior to closing for findings, the military judge called a "personnel technician" as a witness to "interpret" the accused's reassignment orders. After examining the orders, the witness testified that the accused was thereby projected for assignment to the 355th Tactical Fighter Wing, Davis-Monthan Air Force Base, Arizona, and that upon his arrival at his new station, he was expected to "sign in" at the Central Base Personnel Office (CBPO) of the 803d Combat Support Group, "the servicing CBPO for the 355th Tactical Fighter Wing. . . ." Following the witness' testimony, the military judge found the accused:

Of the Specification of the Charge: Guilty, except the words, "803 Combat Support Group," substituting therefor respectively the words, "355th Tac Fighter Wing (TAC)." Of the excepted words, not guilty, of the substituted words, guilty.

Thereafter, during the presentencing proceedings, the defense counsel moved that the military judge reconsider his findings of guilty on the basis that the exceptions and substitutions constituted a material variance against which the accused had not been prepared to defend himself.

The following colloquy ensued:

MJ: Well, Captain Ramirez, let me ask you whether or not you are aware that the accused was supposed to report, according to the orders, to Davis-Monthan Air Force Base in Arizona?

DC: Yes, Your Honor, I was aware of that.

MJ: So the only disagreement you have is what organization at Davis-Monthan Air Force Base, Arizona the accused was supposed to report to and had a duty to be at?

DC: Yes, Your Honor.

MJ: Now, were you aware that the accused was a member of the 355th Tac Fighter Wing; that he was a member of that organization or was supposed to be assigned to that organization, and that would be his organization as of the 5th of November?

DC: May I confer with my client, Your Honor?

The DC conferred with the accused.

DC: Your Honor, based on the conversation with my client and the previous conversations, it was not my understanding that he belonged to the Tactical Fighter Wing.

MJ: Then why did you put this in your request for special findings.

DC: Excuse me, Your Honor—he was supposed to be a member of the squadron within the Wing. He was not going to the Wing, but a squadron within the Wing.

MJ: But 355th Tac Fighter Wing encompasses the squadron to which he was going to be assigned. You knew that, didn't you?

DC: Yes, Your Honor.

MJ: Well, the motion is denied. The request for reconsideration of the findings—*I have reconsidered my findings based on what you have just said and I nonetheless find them appropriate.* But you may proceed with your case. (Emphasis added.)

■ Were it not for our disposition of the assigned error, we would, of course, be compelled to set aside the findings of guilty and

the sentence on the basis of the military judge's error in eliciting information from defense counsel that, in essence, conceded essential elements of the offense to which the accused had pleaded not guilty and which was considered by the military judge in reconsidering his findings. Nevertheless, the procedure does illustrate the confusion of the trial participants that resulted from the inconsistent pleadings and proof in this case.

■ As we said in *United States v. Rosen*, 45 C.M.R. 728, 729 (A.F.C.M.R.1972):

In pleading absence without leave offenses, the naming of a particular organization as the accused's unit of assignment serves both to identify *and limit* the offense charged. *United States v. Holly*, 19 C.M.R. 944 (A.F.B.R.1955). Therefore, when an unauthorized absence is proven to be from an entirely different organization than that alleged, a fatal variance exists between the pleading and proof. . . .

Suffice it to say that the existence of a variance in this case is clearly demonstrated by the military judge's findings wherein he substituted a different organization for that charged. However, our determination that a variance did exist between the pleading and proof does not completely resolve the issue under consideration. If the 803d Combat Support Group was, in fact, the accused's organization on 5 November 1974, or his place of duty at which he was required to be, the military judge's finding of not guilty of the alleged absence from that organization constituted a bar to conviction of unauthorized absence from any other organization for the same period of time. See *United States v. Pounds*, 23 U.S.C.M.A. 153, 48 C.M.R. 769 (1974). On the other hand, if the 803d Combat Support Group was not the accused's organization or place of duty on 5 November 1974, a fatal variance existed which could not be cured by the military judge's exceptions and substitutions. *United States v. Hutzler*, 5 C.M.R. 661 (A.F.B.R.1952). In such event, however, a new trial upon another unauthorized absence charge involving the same period of time but alleging the accused's correct organization would not be barred. *United States v. Rosen*, supra; *United States v. Holmes*, 43 C.M.R. 446 (A.C.M.R.1970); see *United States v. Ivory*, 9 U.S.C.M.A. 516, 26 C.M.R. 296 (1958).

■ Based on the evidence introduced at trial, we believe the latter circumstance is applicable in the instant case. Though the accused's reassignment orders are somewhat ambiguous, they indicate, that the 803d Combat Support Group was *not* the organization or place of duty to which the accused was required to report upon arrival at Davis-Monthan Air Force Base. His orders specifically directed that he report to the commander of his new unit of assignment and identified such unit as the 355th Tactical Fighter Wing. It is not material that the 803d Combat Support Group provided the servicing CBPO for the 355th Tactical Fighter Wing or that it may have maintained a sign-in register for personnel assigned to tenant units located at the installation. Had the accused reported to the Commander, 355th Tactical Fighter Wing, on 5 November 1974, as required, obviously his duty status would not have been changed from "DALVP to AWOL" effective that date, as it was, whether or not he had signed the register maintained at the 803d Combat Support Group CBPO. Accordingly, proper pleading in this case dictated that the absence be alleged from the accused's new unit of assignment, not the installation CBPO.

For the reasons stated, the findings of guilty are set aside and the Charge and its specification are ordered dismissed.

LeTARTE, Chief Judge, and ORSER, Judge, concur.