# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, YOB, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 BRANDON M. DEWEY**
**United States Army, Appellant**

ARMY 20110983

Headquarters, Fort Carson
Mark A. Bridges, Military Judge (arraignment)
Kurt Bohn, Military Judge (trial)
Lieutenant Colonel Steven P. Haight, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Major Meghan M. Poirier, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Major Meghan M. Poirier, JA (on brief in response to specified issue).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief); Lieutenant Colonel Amber J. Roach, JA; Captain Stephen E. Latino, JA (on brief in response to specified issue).

15 October 2012

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge, sitting as a special court–martial, convicted appellant, consistent with his plea, of desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad–conduct discharge, confinement for five months, and reduction to the grade of E–1.  The convening authority approved the adjudged sentence.

Appellant submitted his case to our court upon its merits.  Upon review, we specified the following issue:

WHETHER THE MILITARY JUDGE ABUSED HIS
DISCRETION IN ACCEPTING APPELLANT'S PLEA OF
GUILTY TO THE CHARGE AND ITS SPECIFICATION.

We conclude that the military judge abused his discretion in accepting appellant's plea to The Charge and its Specification and will grant relief in our decretal paragraph.

**FACTS**

On 15 February 2011, the government preferred the following Charge and its Specification against appellant:

In that Private (E-2) Brandon M. Dewey, U.S. Army, did, on or about 16 February 2007, without authority and with intent to remain away therefrom permanently, absent himself from his unit, to wit:  Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, 4th Infantry Division (Mechanized), located at or near Fort Carson, Colorado, and did remain so until he was apprehended on or about 11 November 2010.

Prior to trial, appellant offered to plead guilty to The Charge and its Specification and entered into a stipulation of fact.  The stipulation of fact contained the following information:

. . . Prior to deserting the accused was assigned to Rear Detachment, 1st Battalion-9th Infantry Regiment, 2d Brigade Combat Team, 2d Infantry Division, Fort Carson, Colorado.  Since his return from AWOL, the Accused has been assigned to Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, 4th Infantry Division (Mechanized), Fort Carson, Colorado.  1-9 Infantry Regiment reflagged to 1-12 Infantry Regiment on 8 April 2008.

. . .

In May/June 2009, the Accused's unit, 1-12 Infantry, 4th Brigade Combat Team (reflagged from 1-9 Infantry in 2008) deployed to Afghanistan in support of Operation Enduring Freedom. . . .

2

During the providence inquiry, appellant told the military judge his present unit was "HHC, Brigade, 4th Brigade." Appellant then informed the military judge that on 16 February 2007, his unit was "1/9 Infantry, 2nd Brigade, 2nd ID." The following exchange also took place during the providence inquiry:

> MJ: Do you believe and do you admit that on or about 16 February 2007, with the intent to remain permanently absent, you quit your unit, that is—well now, let me ask you this, was [sic] is your current unit?
>
> Acc: Current unit is, HHC Brigade, 4th Brigade, sir.
>
> MJ: That you quit your unit identified in The Specification as Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, located at Fort Carson, Colorado, and you did so and remained absent in desertion until on or about 11 November 2010?
>
> Acc: Yes, sir.

Later on, appellant had the following discussion with the military judge during the providence inquiry:

> MJ: Do you agree that the unit you absented, 1/9 Infantry, was your unit of assignment at the time on 16 February 2007, at Fort Carson, Colorado?
>
> Acc: Yes, sir.
>
> MJ: And that your current unit, Headquarters and Headquarters Company, is the unit that you have been attached to upon your return?
>
> Acc: Yes, sir.

## LAW AND DISCUSSION

A military judge's acceptance of an appellant's guilty plea is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant deference." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). Ultimately, this court applies the "substantial basis" test: "Does the record as a

whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

"Under military law, the Government must establish not only that an accused [deserted,] but also the organization from which he [deserted]." *United States v. Bowman*, 21 U.S.C.M.A. 48, 50, 44 C.M.R. 102, 104 (1971) (citations omitted). In pleading a desertion offense, "the naming of a particular organization as the accused's unit of assignment serves both to identify and limit the offense charged." *United States v. Walls*, 1 M.J. 734, 737 (A.F.C.M.R. 1975) (citation omitted). The government charged appellant with deserting "Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, 4th Infantry Division (Mechanized)." However, appellant actually stated he was assigned to Rear Detachment, "1/9 Infantry, 2nd Brigade, 2nd ID" when he absented himself from the unit and that after a couple of years he formed the intent to never return. The stipulation of fact also stated that appellant left this same unit. Therefore, the information provided during the providence inquiry and the information contained in the stipulation of fact shows that appellant deserted an entirely different unit than that alleged.

Stated differently, the facts provided during the providence inquiry and in the stipulation of fact fail to establish that appellant deserted "Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, 4th Infantry Division (Mechanized)" as charged. *See United States v. Murrell*, 50 C.M.R. 793, 795 (A.C.M.R. 1975) (dismissing an unauthorized absence charge from "US Army Company C, 7th Battalion, 2d Basic Combat Training Brigade, US Army Training Center Armor, Fort Knox, Kentucky" because the proof showed appellant absented himself from "Company C, 7th Battalion, 2d Combat Support Training Brigade (IA), SATC Armor, First US Army, Fort Knox, Kentucky" and refusing to "speculate the unit is the same and the differences are descriptive only."); *United States v. Holmes*, 43 C.M.R. 446, 447 (A.C.M.R. 1970) (setting aside an unauthorized absence offense because the military judge convicted appellant of leaving "Company E, 3d Battalion, 1st Advanced Individual Training Brigade, located at Fort Huachuca, Arizona" where the proof demonstrated appellant absented himself from "Company B, 3d Battalion, 1st Combat Support Training Brigade, Fort Huachuca, Arizona").

The facts elicited with regard to "Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, 4th Infantry Division (Mechanized)" only show that appellant was assigned to this unit both upon his return to the Army and at the time of his court-martial. Although the facts arguably establish continuity between Rear Detachment, "1/9 Infantry, 2nd Brigade, 2nd ID," and "1-12 Infantry, 4th Brigade Combat Team," no link was factually provided between those units and "Headquarters and Headquarters Company, 4th Infantry Brigade Combat Team, 4th Infantry Division (Mechanized)."

The military judge should have identified and resolved the apparent inconsistency as to the unit the government alleged appellant deserted and the unit appellant actually deserted. However, the military judge failed to do so. Thus, the military judge abused his discretion in accepting appellant's plea without establishing a sufficient factual predicate. *See United States v. Toth*, ARMY 20081016, 2009 WL 6835718, at *4 (Army Ct. Crim. App. 30 Oct. 2009) (mem. op.) (finding that a military judge abused his discretion in accepting appellant's plea to unauthorized absences because "he failed to establish a sufficient factual basis to support a required element of the offense of AWOL, that is, the accused's actual unit of assignment"). We will not speculate at this level as to whether there is a requisite link between the unit that appellant deserted and the unit he was charged with deserting. A required element of desertion is that an accused must have absented himself from his unit. *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 9.b.(1)(a). The military judge abused his discretion in this case by accepting a guilty plea to desertion from a unit appellant never left.

As a result, we must set aside and dismiss without prejudice The Charge and its Specification. However, a new trial upon another desertion charge involving the same period of time but alleging appellant's correct unit or organization would not be barred. *See Walls*, 1 M.J. at 737; *Holmes*, 43 C.M.R. at 447.

## CONCLUSION

The finding of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5