# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant CHRISTIAN L. ISAACSON**
**United States Army, Appellant**

ARMY 20130151

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Patricia Lewis, Military Judge
Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

9 October 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court–martial convicted appellant consistent with his plea, of absence from his unit without leave in violation of Article 86(3), Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a dismissal and confinement for four months.

This case was submitted to this court on its merits for review pursuant to Article 66, UCMJ.  Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find an issue touched upon in appellant's *Grostefon* matters merits discussion and relief.  Our ultimate disposition of this case renders the remaining matters moot.

## FACTS

In the specification of Charge I, appellant was charged with absenting himself from his unit without proper authority.  The specification alleged:

> In that [appellant], U.S. Army, did, on or about 6 March 2008, without authority, absent himself from his unit, to wit: 428th Field Artillery Brigade, Fort Sill, Oklahoma, and did remain so absent until on or about 29 May 2012.

At trial, without the benefit of a pretrial agreement or stipulation of fact, appellant pleaded guilty to the absence offense. During the providence inquiry, appellant and the military judge engaged in the following colloquy:

> MJ:  Now on 6 March of 2008, what was your unit?
>
> ACC:  Ma'am, I was a recent graduate of BOLC and, therefore, 428th Fires Brigade.
>
> MJ:  And where was this unit located?
>
> ACC:  Fort Sill, Oklahoma, ma'am.
>
> MJ: And you did have a duty to be with the 428th at that time?
>
> ACC: Yes, Ma'am.
>
> MJ: How do you know this?
>
> ACC: Ma'am, it's where my duty assignment was.  I was a student . . . .
>
> MJ: So, you had orders attaching to you the 428th?
>
> ACC: Yes, ma'am.

Later on, appellant had the following discussion with the military judge during the providence inquiry:

> MJ:  . . . well, what time on March 6th did you leave the unit?
>
> ACC:  Ma'am, I'm not sure.  I do not recall.
>
> MJ:  Okay.  Then, why weren't you with your unit on the 6th of March?

ACC: . . . Ma'am, I had just graduated and I was due to report to Fort Hood.

MJ: So, you graduated. You were supposed to pack up and leave Fort Sill to go to Fort Hood?

ACC: Yes, ma'am.

MJ: Okay. So, then you had a legitimate reason for leaving on the 6th of March? Where did you go? You packed all of your stuff up and headed to Killeen?

ACC: Yes, ma'am.

MJ: Okay. And what happened?

ACC: Ma'am, I never reported to Fort Hood.

MJ: And to what unit were you supposed to report?

ACC: I do not recall.

MJ: But you had orders sending you to Fort Hood?

ACC: I had orders to go to Fort Hood. Yes, ma'am.

. . . .

MJ: You just did not physically report to Fort Hood?

ACC: Yes, ma'am.

MJ: And was this a freely-made decision, on your part, not to return to - - or not to report to your new unit?

ACC: Ma'am, I was never given any authorization to do that.

MJ: Could you have reported to Fort Hood if you wanted to?

ACC: Yes, ma'am.

3

> MJ: And you didn't' have – did you realize, at the time
> that you decided not to report to Fort Hood, that you were
> committing the act of being absent without leave?
>
> ACC: Yes, ma'am.

## LAW AND DISCUSSION

We conclude the military judge abused her discretion in accepting appellant's plea to the Specification of Charge I and will grant relief in our decretal paragraph.

A military judge's acceptance of an appellant's guilty plea is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant deference." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). Ultimately, this court applies the "substantial basis" test: "Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

"Under military law, the Government must establish not only that an accused [deserted,] but also the organization from which he [deserted]." *United States v. Bowman*, 21 U.S.C.M.A. 48, 50, 44 C.M.R. 102, 104 (1971) (citations omitted). In pleading an absence offense, "the naming of a particular organization as the accused's unit of assignment serves both to identify and limit the offense charged." *United States v. Dewey*, ARMY 20110983, 2012 WL 4922437, at *4 (Army Ct. Crim. App. 15 Oct. 2012) (citing *United States v. Walls*, 1 M.J. 734, 737 (A.F.C.M.R. 1975)). While we note that one can be absent without leave from an entire armed force, this is not how the government charged appellant's absence. *See United States v. Vidal*, 45 C.M.R. 540 (A.C.M.R. 1972).

Here, the government charged appellant with specifically absenting himself from the 428th Field Artillery Brigade, located at Fort Sill, Oklahoma. However, during the providence inquiry, appellant repeatedly set up a matter inconsistent with his plea of guilty to the offense as charged. While appellant initially admitted he absented himself from the 428th Fires Brigade, he later admitted he completed BOLC and was rightfully en route to his assigned unit at Fort Hood when he absented himself. Therefore, the information provided during the providence inquiry shows that appellant was absent from an entirely different unit than that alleged. Furthermore, during the contested portion on a charge of which appellant was acquitted and throughout presentencing, all evidence from both parties established that appellant was not absent without leave from his losing unit at Fort Sill, but from his gaining unit at Fort Hood.

The *Manual for Courts-Martial* discusses this very scenario and provides, "a person undergoing a transfer between activities is ordinarily considered to be attached to the activity to which ordered to report." *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter MCM], pt. IV, ¶ 10.c.(7). *See also United States v. Pounds*, 23 U.S.C.M.A. 153, 48 C.M.R. 769 (1974) (having received orders to report elsewhere, accused no longer had any duty to remain at or to return to losing unit. His place of duty was at his gaining unit and, on his failure to report, he was absent from there and there alone); Army Reg. 630-10, Absence Without Leave, Desertion, and Administrative Personnel Involved in Civilian Court Proceedings, paras. 2-2 and 2-3 (13 Jan. 2006) (the unit of assignment of a soldier who goes AWOL while in transit is the gaining unit, and that unit is responsible for reporting the soldier as AWOL). Accordingly, the military judge abused her discretion in not identifying and resolving the inconsistency regarding appellant's unit.

As a result, we must set aside the findings of guilty and dismiss without prejudice the Specification of Charge I and Charge I. A new trial upon another absence charge involving the same period of time but alleging appellant's correct unit or organization would not be barred. *See United States v. Holmes*, 43 C.M.R. 446 (A.C.M.R. 1970).

## CONCLUSION

The finding of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5